### UTZ et al. v. UNITED STATES.

(Circuit Court, D. New Jersey. June 25, 1896.)

1. **LIMITATION OF ACTIONS—SUITS AGAINST GOVERNMENT.**
   The presentation of a claim against the United States to the treasury department for examination and allowance, as required by law, bars the running of the statute of limitations during the time consumed in such investigation. U. S. v. Lippett, 100 U. S. 663, followed.

2. **CONTRACT WITH GOVERNMENT—CARTAGE OF IMPORTED GOODS.**
   Plaintiffs contracted with the United States to do all the cartage of merchandise in custody of the government, imported at New York, to the appraiser's store, and from the general order store and warehouse to the public store, for two years, at the rate of 18 cents per package, excepting sample packages, which were to be carted at one cent each. *Held*, that the low rate for sample packages was based on the fact that no duties were collected on them; that, consequently, the true test of a sample package, under the contract, was the fact of paying no duties; and that, for all dutiable packages, whether marked "sample" or not, 18 cents was to be paid.

This was a petition by William Utz, Thomas M. Garrett, and William Kirby, against the United States, to recover a sum of money alleged to be due under a contract.

Henry S. White and Charles A. Hess, for plaintiffs.

J. Kearney Rice, U. S. Dist. Atty.

GREEN, District Judge. The above-entitled cause coming on to be heard at a term of this court held on the 8th day of April, 1896, and the same having been tried before the court without a jury, the said court now makes the following findings:

## As to Questions of Fact.

First. That the above-named petitioners were, at the times hereinafter named, co-partners in business, and the said William Utz was and is a resident of the city of Hoboken, in the county of Hudson, in the district and circuit aforesaid.

Second. That on the 15th day of January, 1886, the above-named petitioners and the defendants named above entered into an agreement, in writing, wherein and whereby the said petitioners covenanted and agreed that they would do all the cartage of the merchandise in the custody of the government of the United States, of dutiable goods imported at the port of New York, to the appraiser's store for examination, and sample packages and goods sent from the importing vessel and from general order store and warehouse to the public store under the direction of the collector of the said port, for the term of two years from the 16th day of January, 1886, for which cartage the said defendant promised to pay at the rate of 18 cents per package for all packages from the importing vessel and from general order store and warehouse to public store, with the exception of sample packages, and sample packages to be carted at the rate of 1 cent per package; that from the 16th day of January, 1886, to the 1st day of February, 1888, both inclusive, said petitioners conveyed to the public store under their said contract packages of dutiable merchandise to the number of 39,539, for the cartage of which said packages the said petitioners received payment at the rate of 1 cent per package; that the said 39,539 packages contained dutiable merchandise, and were such packages as, under said contract, the petitioners were entitled to the payment of 18 cents per package; that on the 9th day of May, 1893, the said petitioners duly presented to the treasury department of the United States their said claim, and under and by directions of the secretary of the treasury the said claim of the petitioners was audited by the collector of customs at the said port of New York at the sum of $4,501.77, and that sum was then and there found to be due said petitioners from the defendants; that no part of said sum has been paid by the defendants to said petitioners.

## As Conclusions of Law.

First. That the said petitioners, William Utz, Thomas M. Garrett, and William Kirby, are entitled to judgment against the United States of America, the defendants, for the said sum of $4,501.77.

Second. That the claim of said petitioners, and this action brought to recover thereon, is not barred by the statute of limitations. It is quite true that the whole of this claim was due and owing from the defendant to the plaintiffs, if at all, for a period in excess of six years before the commencement of this action. The plaintiffs' right of action accrued in February, 1888. This suit was not begun until February 23, 1895. Apparently the statute was a bar to its successful prosecution; but the claim, as it appears from the evidence, was

presented to the proper department officer of the United States for allowance and payment within six years from the date of the first item in it, and during nearly the whole of the elapsed time it was held under consideration by that department, to which, when presented, it had been duly referred for investigation and settlement. That investigation resulted in an approval of the claim as just and lawful, and the plaintiffs were so notified. In fact, the proper officers of the government went so far towards completing the settlement as to obtain from the plaintiffs a receipt, in form of a release, for the amount of the award. At this point the proceedings were stopped. The plaintiffs' claim remained unpaid, and so remains to this day. This action was commenced within six years from the date of the notification to the plaintiffs that their claim was approved. It seems only just to hold that, during that time in which the defendant was, for its own satisfaction, investigating the claim, and to which examination and investigation the plaintiffs were compelled to submit their claim, the statute of limitations should be in abeyance. Surely it would be inequitable for the federal government to institute and enforce a mode of procedure for claimants, which, at the will of the government, might cause the claim to be barred by lapse of time. And so it has been held by the supreme court in U. S. v. Lippett, 100 U. S. 663, that the presentation of a claim against the government to the proper department, for investigation, allowance, and settlement, bars the running of the statute of limitations during the time consumed in such investigation; or, to put it in different phrase, that the actual commencement of an action to recover upon the claim will be regarded as of the same date as the presentation of the claim for investigation. And in the case referred to the supreme court held that the statute of limitations was not pleadable by the defendants, in an action against the United States in the court of claims, as a bar to a claim which had been presented for settlement at the proper department of the government within six years after it was due.

Third. The contract in this case concerns itself with two classes of goods imported into this country: those upon which duties were levied, and those which were, by law, free from duty. For the cartage of the former the plaintiffs were to receive 18 cents per package. For the latter, commonly called "samples," the rate was but 1 cent per package. Doubtless this very low rate of cartage was based upon the fact that from such "sample" packages the government derived no revenue by way of duties. On the other hand, on all those packages the importation of which produced revenue a very much larger rate for cartage was designedly allowed. It seems quite clear that the true test of a "sample" lay in the fact that it was undutiable. The mere marking of packages as "samples," by the shipper or others, could in no wise affect the rights of these plaintiffs under this contract. The criterion by which packages were to be classified is to be found in the character of goods which they contained, whether they were dutiable or nondutiable. For all packages carted the plaintiffs were to receive 18 cents per package, excepting those which were samples, i. e. nondutiable; for these but 1 cent was allowed. Under this construction of the contract the plaintiffs' claim is just, and should be allowed.