Homer L. KINMAN, Libelant,

v.

UNITED STATES of America, a sovereign power, Respondent.

No. 27166.

United States District Court
N. D. California, S. D.

April 9, 1956.

J. J. Doyle, San Francisco, Cal., for libelant.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., Keith R. Ferguson, Sp. Asst. to Atty. Gen., Lillick, Geary, Olson, Adams & Charles, San Francisco, Cal., of counsel, for respondent.

OLIVER J. CARTER, District Judge.

Libelant alleges that he was injured while performing his duties as a seaman on a merchant vessel owned and operated by the United States, and that his injuries were the proximate result of the negligence of respondent; he brings suit under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. and the general maritime law. Respondent moves to dismiss on the ground that the statute of limitations had extinguished the cause of libel before the libel was filed. Libelant alleges that he was injured on June 15, 1953, and his libel was filed on July 7, 1955, a period of two years and twenty-two days after the date of the alleged injury.

A two year statute of limitations applies under the Suits in Admiralty Act; 46 U.S.C.A. § 745 provides in part:

"Suits as authorized by this chapter may be brought only within two years after the cause of action arises * * *."

Libelant seeks to avoid the bar of the statute of limitations by his claim that the statute was tolled for a period of sixty days during which he was prohibited by law from bringing suit because his claim for administrative relief was pending.

Seamen such as libelant who are employed by the United States on government-owned vessels are given the same rights as seamen employed on privately owned American vessels, in a statute commonly referred to as the Clarification Act, 50 U.S.C.A.Appendix, § 1291, which provides in part:

"(a) officers and members of crews * * * employed on United States or foreign flag vessels as employees of the United States through the War Shipping Administration shall, with respect to * * * death, injuries, illness, maintenance and cure * * * have all of the rights, benefits,

exemptions, privileges, and liabilities, under law applicable to citizens of the United States employed as seamen on privately owned and operated American vessels. * * * Any claim referred to [above] shall, if administratively disallowed in whole or in part, be enforced pursuant to the provisions of the Suits in Admiralty Act * * *. When used in this subsection the term 'administratively disallowed' means a denial of a written claim in accordance with rules or regulations prescribed by the Administrator, War Shipping Administration." 57 Stat. 45.

Pursuant to this statute the Administrator of the War Shipping Administration promulgated General Order 32, 8 F.R. 5414, which provided in material part:

"Claims * * * must be submitted for allowance prior to * * * instituting court action thereon * * *. If the person or agency with whom the claim is filed, * * * fails to notify the claimant in writing of a determination upon such claim, within sixty days following the date of filing thereof, the claim shall be presumed to have been administratively disallowed, and the claimant shall be entitled to enforce his claim by court action."

Libelant did file a written claim with the appropriate government agency on July 27, 1953—forty-two days after the date of the alleged injury. Since libelant was not notified of the disposition of his claim, it is presumed to have been disallowed sixty days after it was filed. General Order 32 was revoked on December 24, 1953 (18 F.R. 8730); therefore it was in effect when libelant filed his administrative claim, and it was in effect during the sixty day period while that claim was pending.

In several cases brought under the Clarification Act courts have passed upon the contention that a seaman's cause of libel under that Act does not arise until his claim has been administratively disallowed. The Court of Appeals for the Ninth Circuit held in favor of that contention in Thurston v. United States, 179 F.2d 514, but the contrary position was upheld in Gregory v. United States, 2 Cir., 187 F.2d 101, and in MacInnes v. United States, 1 Cir., 189 F.2d 733. The Supreme Court resolved this conflict in McMahon v. United States, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26, holding that a seaman's cause of libel arose on the date of injury, and not on the date his claim was administratively disallowed. But the Supreme Court expressly declined to pass upon the narrow point which is now before this Court for decision; that is, whether the statute of limitations is tolled for whatever period of time is consumed by the administrative determination required by the Clarification Act. The Supreme Court said, 342 U.S. at page 28, 72 S.Ct. at page 19:

"In view of that state of the record making it uncertain whether the point would have any effect on the outcome and the fact that petitioner has not raised the point, we find it inappropriate to consider whether the statute of limitations is tolled for a maximum of sixty days while a claim is pending and not disallowed either by notice or by operation of the regulations."

This Court must now decide whether the statute of limitations was tolled for the period of time during which libelant was prohibited by law from bringing his libel under the Clarification Act. Various courts have recognized the principle that where a party is prevented by some provision of law from bringing suit, the applicable statute of limitations is suspended for the period during which the prohibition is in effect. In Utz v. United States, C.C.D.N.J., 75 F. 648, 650, the court held:

"It seems only just to hold that, during that time in which the defendant was, for its own satisfaction, investigating the claim, and to which examination and investigation the plaintiffs were compelled

to submit their claim, the statute of limitations should be in abeyance."

The Utz case was reversed in United States v. Utz, 3 Cir., 80 F. 848, on the ground that the plaintiffs were not required to present their claims for administrative determination as a prerequisite to bringing suit; but the appellate court did not disapprove of the principle that if the plaintiffs had been required to seek an administrative determination before bringing suit, the statute of limitations should be tolled pending that determination. The appellate court said, 80 F. at page 851:

"The forbearance of the claimants to sue was altogether voluntary on their part * * *."

Therefore the case at bar is analogous to the Utz case as it was treated in the district court, rather than as it was finally decided in the appellate court, because here the libelant had no choice but to submit his claim for administrative determination, and he was prohibited from bringing suit until the disposition of that claim. See Fox v. Alcoa S. S. Co., 5 Cir., 143 F.2d 667, certiorari denied, 323 U.S. 788, 65 S.Ct. 313, 89 L.Ed. 628.

In Dillon v. Board of Pension Commissioners, 18 Cal.2d 427, 431, 116 P.2d 37, 39, 136 A.L.R. 800, the California Supreme Court said:

"It is well recognized that the running of the statute of limitations is suspended during any period in which the plaintiff is legally prevented from taking action to protect his rights. Code Civ. Proc., 356; Wolf v. Gall, 174 Cal. 140, 145, 162 P. 115; Hutchinson v. Ainsworth, 73 Cal. 452, 15 P. 82, 2 Am.St.Rep. 823; Hoff v. Funkenstein, 54 Cal. 233; Union Collection Co. v. Soule, 141 Cal. 99, 74 P. 549; Elliott & Horne Co. v. Chambers Land Co., 61 Cal.App. 310, 312, 215 P. 99; see Christin v. Superior Court, 9 Cal.2d, 526, 71 P.2d 205, 112 A.L.R. 1153; 16 Cal.Jur. 562, 564."

The Dillon case was followed in County of Santa Clara v. Hayes Co., 43 Cal. 2d 615, 275 P.2d 456. In the Dillon case the plaintiff brought suit after the statute of limitations became a bar, in spite of the holding of the court that the statute was suspended during the time that the plaintiff was legally prevented from bringing suit; but the principle on which libelant here relies was clearly recognized. See also State v. Elliott, Tex.Civ.App., 212 S.W. 695; Schriber v. Town of Richmond, 73 Wis. 5, 40 N.W. 644.

Respondent relies primarily on the McMahon, MacInnes and Gregory cases, cited above, which rejected the contention that a seaman's cause of libel under the Clarification Act does not arise until after the required administrative determination of his claim. The decision in those cases seems to have been influenced by the belief of those courts that Congress did not intend to give seamen the power to extend indefinitely the statute of limitations. According to the contention of the libelants in those cases, a seaman could delay indefinitely the filing of an administrative claim, and the statute of limitations would not begin to run until the claim had been administratively determined. In the MacInnes case for example, the court said, 189 F.2d at page 735:

"Under this interpretation, the time for bringing suit may be indefinitely prolonged; however belated may be the filing of the claim before the administrative agency, the seaman will still have two years after the date of its administrative disallowance within which to file suit in the courts."

And in the McMahon case the Supreme Court said, 342 U.S. at page 27, 72 S.Ct. at page 19:

"Since no time is fixed within which the seaman is obliged to present his claim, under petitioner's position he would have it in his power, by delaying its filing, to postpone indefinitely commencement of the running of the statute of limitations and thus to delay indefinitely knowledge by the Government that a claim

existed. We cannot construe the Act as giving claimants an option as to when they will choose to start the period of limitation of an action against the United States."

In the case at bar, however, to sustain libelant's contention would not be to put it within the power of a seaman suing under the Clarification Act to postpone indefinitely the start of the period of limitation; the McMahon case has definitely established that the seaman's cause of libel arises on the date of injury, and that therefore the statute of limitations begins to run on the date of injury. To sustain libelant's contention here would be to hold that the running of the statute of limitations is suspended for the period between the filing of the administrative claim and the determination of that claim. Therefore the cases cited by respondent are inapplicable to the problem before this Court.

█ █ This Court is also faced with conflicting canons of construction that might be applied in this case. Although legislation for the benefit of seamen is to be construed liberally in their favor, it is also the rule that statutes waiving the immunity of the Government from suit are to be construed strictly in favor of the Government. Of course canons of construction are simply guides for the determination of the intent of Congress, and it is the opinion of this Court that the intent of Congress can fairly be determined from the Clarification Act itself.

Basically the purpose of the Clarification Act was to give to seamen employed by the United States "all of the rights, benefits, exemptions, privileges, and liabilities, under law applicable" to seamen privately employed on American vessels. The language used to express this purpose is extremely broad and comprehensive, indicating an intention on the part of Congress to equalize, as much as possible, the status of seamen employed by the United States and those employed privately. Since seamen employed by private concerns have two years in which to bring suit under the Suits in Admiralty Act, it is logical to assume that Congress intended to allow seamen employed by the United States a full two years in which to bring suit, exclusive of the time consumed by the required administrative determination. A contrary determination would result in an inequality between the rights, benefits and privileges of seamen employed by the United States and those of seamen privately employed.

█ Therefore it is the opinion and conclusion of this Court that the two year statute of limitations applicable under the Suits in Admiralty Act was suspended for a period of sixty days while libelant's administrative claim was pending, and that the libel in the instant case was filed within the two year statute, excluding the time during which the statute was tolled.

Accordingly, it is ordered that respondent's exceptions and motion to dismiss are, and each of them is hereby overruled.