United States Court of Appeals,

Fifth Circuit.

No. 95-31027.

Youssery F. RASHIDI, Plaintiff-Appellant,

v.

AMERICAN PRESIDENT LINES, United States of America, and Comet V53, Defendants-Appellees.

Sept. 26, 1996.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before SMITH and PARKER, Circuit Judges, and JUSTICE, District Judge.[*]

JERRY E. SMITH, Circuit Judge:

Youssery Rashidi appeals the judgment that his claim for maintenance and cure under the Suits in Admiralty Act (the "SAA"), 46 U.S.C.App. § 742, is time-barred. Finding no error, we affirm.

I.

Rashidi alleges injuries stemming from a work-related accident that occurred on March 26, 1991, aboard the U.S.N.S. COMET. During the summer of 1991, Rashidi traveled to Egypt on personal business, during which time the United States suspended his maintenance and cure payments. Rashidi paid $3,000 for ongoing treatment in Egypt from Dr. Mohammed Nas'r until September 12, 1991. This litigation concerns the fact that Rashidi has never been reimbursed for this expense.

Rashidi returned to the United States in October 1991 and continued receiving medical treatment. The United States reinstated his maintenance and cure payments until March 24, 1992, the date on which the United States contends that he reached maximum medical cure. On September 1, 1993, Rashidi filed an administrative claim, as required by the Clarification Act, 50 U.S.C.App. § 1291, challenging the denial of maintenance and cure benefits subsequent to March 24, 1992. The

[*]District Judge of the Eastern District of Texas, sitting by designation.

administrative claim was never answered.

Rashidi did not file the instant court action until March 28, 1994. Upon motion by the United States, the district court dismissed Rashidi's claim as time-barred under the SAA's two-year statute of limitations. The court did, however, permit Rashidi to assert his maintenance and cure claims for the two years immediately preceding the filing. After a bench trial before a magistrate judge, the court, concluding that Rashidi had obtained maximum medical cure on March 24, 1992—more than two years before he filed suit—entered judgment for the United States.

## II.

We review *de novo* a district court's conclusion that a claim is time-barred. *See Kennedy v. Electricians Pension Plan, IBEW # 995,* 954 F.2d 1116, 1120 (5th Cir.1992). Similarly, we review *de novo* a district court's decision regarding tolling of limitations. *See Hickey v. Irving Indep. Sch. Dist.,* 976 F.2d 980 (5th Cir.1992).

Under the SAA, suits may be brought only within two years after the cause of action arises. *See McMahon v. United States,* 342 U.S. 25, 26, 72 S.Ct. 17, 18-19, 96 L.Ed. 26 (1951). Although courts have reached differing opinions regarding the time at which the statute of limitations begins to run for maintenance and cure claims, *compare MacInnes v. United States,* 189 F.2d 733 (1st Cir.1951) (finding that the statute of limitations begins to run in the two years preceding the filing of a suit to recover maintenance and cure) *with Bullen v. United States,* 1993 WL 742685 (W.D.Wash.1993) (holding that the statute begins to run on the date of injury), *aff'd,* 24 F.3d 245 (9th Cir.1994), we need not resolve that tension in the instant case.

Rather, being mindful that legislation for the benefit of seamen is to be construed liberally in their favor, *see McMahon,* 342 U.S. at 25, 72 S.Ct. at 18, we assume *arguendo* that the two-year statute of limitations for Rashidi's maintenance and cure claim began running on March 24, 1992, the date on which the United States terminated his maintenance and cure payments.[1] Because Rashidi's

---

[1]Rashidi asserts that we should extend the beginning date to July 25, 1995, the date on which the United States scheduled a second independent medical exam with the same physician who had concluded on March 24, 1992, that Rashidi had reached maximum medical cure. The examination

claim was not filed until March 28, 1994, it is time-barred unless we determine that the district court erred in refusing to toll prescription.

A.

Rashidi first claims that limitations should have been tolled during the pendency of his administrative claim filed on September 1, 1993. Under 46 C.F.R. § 327.7, a claim, upon the expiration of sixty days, is deemed disallowed in the absence of a response, and the complainant may then proceed to file an action in district court. Rashidi, however, waited until March 28, 1994—nearly five months longer than necessary—to file suit.

We have held previously, in the context of a six-month administrative waiting period under the Admiralty Extension Act ("AEA"), that the mere filing of an administrative claim does not toll limitations. *In Loeber v. Bay Tankers, Inc.,* 924 F.2d 1340, 1343 (5th Cir.), *cert. denied,* 502 U.S. 819, 112 S.Ct. 78, 116 L.Ed.2d 51 (1991), we held that the plaintiffs, who were subject to the AEA's requirement of a six-month waiting period from the filing of an administrative claim to the filing of suit, were not entitled to tolling where they had filed their administrative claim within the final six months prior to the expiration of limitations. We explained that "the limitation period "merely provides an outside limit within which the action may be maintained and does not preclude the application of shorter limitation periods where appropriate.' " *Id.* (citation omitted).

We conclude that the *Loeber* rule should be extended to SAA claims where, as here, the claimant has the opportunity but fails to file suit within the limitations period. Rashidi had exhausted

---

was not requested nor scheduled by Rashidi and was held solely to confirm, in light of Rashidi's continuing complaints, that the physician's report of March 24, 1992, remained valid. The physician did conclude on July 25, 1995, that his recommendations of March 24, 1992, were unchanged.

Because this examination was purely advisory, and because the United States had terminated Rashidi's maintenance and cure as of March 24, 1992 (the date by which the district court found correctly that Rashidi had reached maximum medical cure), we reject Rashidi's later date as inconsistent with the limited waiver of sovereign immunity granted by the SAA. "[S]tatutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign." *McMahon,* 342 U.S. at 25, 72 S.Ct. at 18 (citation omitted).

his administrative remedies as of October 31, 1993, and had until March 24, 1994, to file his claim. That he failed to file suit until limitations had expired was a result only of his own neglect, not of any action by the United States.[2] We need not, and do not, decide whether a different result would obtain if limitations had expired during the sixty-day administrative review period, thus preventing the claimant from filing suit because of the waiting period contained in the SAA. *See id.* at 1344 (citing approvingly the Third Circuit's rule that tolling under the SAA may be appropriate where the plaintiff has submitted timely an administrative claim but is prevented from bringing suit because the government failed to adjudicate the claim within the limitations period).

B.

Rashidi next contends that he is entitled to equitable tolling. A court may toll the SAA's limitations period if so doing would not defeat the statute's legislative purpose—to encourage parties with claims against the United States to present their claims promptly and diligently—or if the failure to toll would result in injustice to the plaintiff. *See McCormick v. United States,* 680 F.2d 345, 351 (5th Cir.1982).

Where, as here, the plaintiff had ample time and opportunity to bring suit within the statutory period, enlarging the limitations period would defeat the SAA's legislative purpose. *See Favorite v. Marine Personnel & Provisioning, Inc.,* 955 F.2d 382, 389 (5th Cir.1992). Rashidi had obtained legal counsel in the United States within seven months of the injury date and within one month of the medical treatment, and counsel had been provided, by the COMET's manager, a copy of the regulations setting forth the procedure for filing an administrative claim with the U.S. Maritime Administration. Nevertheless, Rashidi failed to file an administrative claim that comported with these procedural requirements until two and one-half years after his accident and two years from the $3,000 treatment date.

Furthermore, once the administrative waiting period had expired, Rashidi waited nearly an

---

[2]Rashidi's reliance upon *Kinman v. United States,* 139 F.Supp. 925 (N.D.Ca.1956), is misplaced, as *Kinman* was effectively overruled by *Smith v. United States,* 873 F.2d 218 (9th Cir.1989).

additional five months to file the instant suit. Prompt and diligent notice of a claim is not obtained under such circumstances.

Nor will injustice result from our failure to enlarge the statute of limitations in this case. Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Loeber,* 924 F.2d at 1343-44. No such facts have been pled or found in the instant case; a "garden variety claim of excusable neglect" does not support equitable tolling. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435 (1990). Where Rashidi could have filed his claim properly with even a modicum of due diligence, we find no compelling equities to justify tolling.

III.

Finally, Rashidi contests the determination that he had reached maximum medical cure by March 24, 1992. A shipowner is liable to pay maintenance and cure until the point of maximum medical cure, where it is probable that further treatment will result in no betterment in the claimant's condition. *See Springborn v. American Commercial Barge Lines,* 767 F.2d 89, 95 (5th Cir.1985). Whether a seaman has reached maximum medical cure is a medical question, *see Breese v. AWI, Inc.,* 823 F.2d 100 (5th Cir.1987), and thus we review the district court's findings for clear error, *see Cheek v. Williams-McWilliams Co.,* 697 F.2d 649, 652 (5th Cir.1983).

The United States presented a wellspring of medical evidence suggesting that Rashidi had achieved maximum medical cure as of March 24, 1992. Such evidence included (1) a report issued on that date by Dr. George Bryam, supported by a physical examination, x-rays, and MRI scans, concluding that Rashidi would heal without significant residual; (2) a review of Bryam's report by Rashidi's own physician, Dr. John Watermeier, that noted that "no pathology is present," and that Rashidi "may continue with regular work as a seaman"; and (3) a second examination by Bryam, after which he concluded that his opinions and recommendations of March 24 were essentially unchanged.

Not only has Rashidi failed to marshal any conflicting evidence, but, even if he were to do so,

5

any such evidence would be suspect, given that he has been involved in two car accidents subsequent to the COMET injury.  Coincidentally, Rashidi's medical records from these two accidents reflect much of the same lit any of symptoms and complaints of which Rashidi complained following the COMET injury.  Accordingly, we find no error in the district court's conclusions.

AFFIRMED.