Aaron **WEATHERFORD**

v.

**UNITED STATES of America.**

**Civil Action No. 96–3269–B–M2.**

United States District Court,
· M.D. Louisiana.

Jan. 27, 1997.

Lyman Edgar Thornton, III, United States Attorney's Office, Middle District of Louisiana, Baton Rouge, LA, for defendant.

## RULING ON MOTION TO DISMISS

POLOZOLA, District Judge.

The United States of America ("United States") has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons which follow, the motion is GRANTED.

### FACTS AND PROCEDURAL HISTORY

On August 13, 1993, Aaron Weatherford, was injured when the small aluminum skiff he was operating on Bayou Sorrell struck a partially submerged dredging pipeline owned and operated by COBO Services, Inc. ("COBO"). At the time of the accident, COBO was performing maintenance dredging of Bayou Sorrell, which is part of the East Access Channel, GIWW–Port Allen to Morgan City Alternate Route, pursuant to a contract with the United States Army Corps of Engineers (the "Corps").

Plaintiff timely filed administrative claims with the Corps on August 7, 1995, in accordance with the Federal Torts Claims Act ("FTCA"),[1] within two years of the accident. Plaintiff alleged as part of his administrative claims that the Corps failed to properly supervise the dredging project.[2] The Corps rejected the plaintiff's administrative claims in writing on or about January 18, 1996.[3] Plaintiff then filed the pending suit on July 15, 1996.

The main issue before the Court is whether the FTCA or the Suits in Admiralty Act[4] ("SAA") applies under the facts of this case. The plaintiff contends that his claims arise under the FTCA. The defendant argues that, based on section 2680(d) of the FTCA, the issue of liability is governed by the SAA.[5] Defendant also argues that plaintiff's claims under the SAA have prescribed.[6]

Joseph Jerry McKernan, Gordon J. McKernan, McKernan Law Firm, Baton Rouge, LA, for plaintiff.

1. 28 U.S.C. § 2671, et seq.

2. Plaintiff's Complaint, No. XI.

3. Plaintiff's Complaint, No. XI.

4. 46 U.S.C.App. § 741, et seq.

5. Section 2680(d) of the FTCA provides that the FTCA "shall not apply to ... [a]ny claim for which a remedy is provided by sections 741–752 ... of Title 46, relating to claims in suits in admiralty against the United States."

6. Plaintiff does not address the issue of whether the claims have prescribed under the SAA. In-

## LAW AND ANALYSIS

In ruling on a 12(b)(6) motion, a court must not look beyond the pleadings.[7] All exhibits attached to a complaint, however, are part of the pleadings under Rule 10(c). Well-pleaded factual allegations should be taken as true, but "conclusory allegations and unwarranted deductions of fact" should not.[8] Furthermore, when conclusions of fact made in the complaint are contradicted by an attached exhibit, the appended document controls and dismissal is appropriate.[9]

### 1. Plaintiff's Claims—Admiralty or Other

Before determining the applicability of the FTCA or the SAA, the Court must first determine whether or not plaintiff's claims can be considered as admiralty claims under the facts of this case. A "party seeking to invoke federal admiralty jurisdiction ... over a tort claim must satisfy conditions both of location and of connection with maritime activity."[10] Under the location test, the Court "must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water."[11] There are two issues which must be considered under the connection test. The Court must first " 'assess the general features of the type of incident involved.' [12] ... to determine whether the incident has a 'potentially disruptive impact on maritime commerce.' "[13] In addition, the Court must determine whether 'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to a traditional maritime activity.' "[14]

The accident in this case occurred on Bayou Sorrell, which is part of the East Access Channel, GIWW–Port Allen to Morgan City Alternate Route. Plaintiff has not disputed that Bayou Sorrell is a navigable waterway. "Waterbodies are navigable when, in their ordinary condition, they can serve as 'highways for commerce, over which trade and travel are or may be conducted in customary modes. ...' "[15] Bayou Sorrell, as part of the East Access Channel, certainly meets the definition of a navigable waterbody.

The Court now turns to a consideration of the connection test. The first prong of the connection test requires the Court to determine whether the incident has a "potentially disruptive impact on maritime commerce." It is obvious that a submerged dredging line, which was located so close to the surface of the water that it was struck by the outboard motor of a small aluminum skiff, has a "potentially disruptive impact on maritime commerce."

Under the second prong of the connection test, the Court must consider whether the operation of a pleasure boat at the time of the accident has a "substantial relationship to traditional maritime activity." The Fifth Circuit considered this issue in *McCormick v. United States*.[16] In *McCormick*, the plaintiff sued the United States in connection with an accident which occurred when the plaintiff,

---

stead, plaintiff argues that the FTCA, and not the SAA, applies herein.

**7.** *Carpenters Local Union No. 1846 v. Pratt–Farnsworth, Inc.*, 690 F.2d 489, 499–500 (5th Cir.1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983).

**8.** *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir.1974).

**9.** *Associated Builders*, 505 F.2d at 100; *Tucker v. National Linen Serv. Corp.*, 200 F.2d 858, 864 (5th Cir.), *cert. denied*, 346 U.S. 817, 74 S.Ct. 28, 98 L.Ed. 343 (1953).

**10.** *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, ——, 115 S.Ct. 1043, 1048, 130 L.Ed.2d 1024 (1995).

**11.** *Grubart*, 513 U.S. at ——, 115 S.Ct. at 1048.

**12.** *Grubart*, 513 U.S. at ——, 115 S.Ct. at 1048 (quoting *Sisson v. Ruby*, 497 U.S. 358, 363, 110 S.Ct. 2892, 2896, 111 L.Ed.2d 292 (1990)).

**13.** *Grubart*, 513 U.S. at ——, 115 S.Ct. at 1048 (quoting *Sisson*, 497 U.S. at 364 n. 2, 110 S.Ct. at 2896 n. 2).

**14.** *Grubart*, 513 U.S. at ——, 115 S.Ct. at 1048 (quoting *Sisson*, 497 U.S. at 365, 364 n. 2, 110 S.Ct. at 2897, 2896 n. 2).

**15.** *Dardar v. Lafourche Realty Co., Inc.*, 55 F.3d 1082, 1085 (5th Cir.1995) (quoting *The Daniel Ball*, 77 U.S. (10 Wall.) 557, 563, 19 L.Ed. 999 (1870)).

**16.** 680 F.2d 345 (5th Cir.1982).

while driving a pleasure boat, struck a piling near the outer end of a pier which was allegedly built by the Army Corps of Engineers. The court held that this activity bore a "significant relationship to [a] traditional maritime activity"[17] and that the "required maritime nexus" was present.[18] The activity in the instant case is virtually identical to the activity in *McCormick*. Thus, the Court finds that the second prong of the connection test for admiralty jurisdiction is satisfied.

Since the facts in this case meet both the location test and the connection test, this case falls within the admiralty jurisdiction of the Court.

### 2. *Applicability of the SAA*

■ Having determined that the claims involved in this case are admiralty claims, the Court must now decide whether the FTCA or the SAA applies herein. As stated above, Section 2680(d) of the FTCA states that the FTCA shall not apply to claims for which there is a remedy provided by the SAA.[19] "Therefore, [plaintiff's] assertion of jurisdiction under the FTCA is correct only if [the] claims do not fall within the coverage of the SAA."[20]

Plaintiff strenuously argues that the SAA does not apply and that his claims are cognizable under the FTCA. Specifically, plaintiff contends that the SAA does not apply because the dredging pipeline was not owned or operated by or for the United States. Plaintiff argues that COBO owned and operated the pipeline, while the United States (through the Corps) supervised the dredging.

In support of his argument, plaintiff relies on *J.W. Petersen Coal & Oil Co. v. United States*.[21] In *Peterson*, the court held that the SAA provides a cause of action only when the injury is caused by a vessel (or property or cargo) owned or operated by or for the United States. The Fifth Circuit describes *Peterson* as "[t]he sole crosscurrent in this confluence of authority. . . ."[22]

The majority of cases deciding this issue hold that § 742 "was 'intended to bring all admiralty claims against the United States within the ambit of the [Suits in Admiralty Act], whether or not involving government cargos or vessel(s).' "[23]

In summary the Court finds that plaintiff's claims fall within the admiralty jurisdiction of the Court. Since the claims involved in this case are admiralty claims, the Court must apply the SAA, and not the FTCA, to determine the liability, if any, of the United States.

### 3. *Prescription*

The United States contends that plaintiff's claims have prescribed under the SAA. The limitations period for claims governed by the SAA is two years commencing at the time the cause of action arises.[24] Plaintiff's cause of action arose on August 13, 1993. The plaintiff filed administrative claims with the Corps pursuant to 28 U.S.C. § 2675 of the FTCA on August 7, 1995. The administrative claims were denied on January 18, 1996, and plaintiff filed the instant suit on July 15, 1996, almost three years after the claims arose. Thus, unless the prescriptive period

17. *McCormick*, 680 F.2d at 347.

18. *McCormick*, 680 F.2d at 348.

19. See 28 U.S.C. § 2680(d); *McCormick*, 680 F.2d at 348.

20. *McCormick*, 680 F.2d at 348.

21. 323 F.Supp. 1198 (N.D.Ill.1970).

22. *McCormick v. United States*, 645 F.2d 299, 305 n. 11 (5th Cir.1981), *rev'd*, 680 F.2d 345 (5th Cir.1982). (In *McCormick*, the Fifth Circuit originally held the SAA does not cover all admiralty claims involving the United States. The Fifth

Circuit (the same panel) reversed itself holding otherwise.)

23. *Williams v. Central Gulf Lines*, 874 F.2d 1058, 1062 (5th Cir.1989), *cert. denied*, 493 U.S. 1045, 110 S.Ct. 843, 107 L.Ed.2d 837 (1990) (quoting *Trautman v. Buck Steber, Inc.*, 693 F.2d 440, 445 (5th Cir.1982)) (quoting *Kelly v. United States*, 531 F.2d 1144, 1149 (2d Cir.1976)); see *McCormick*, 680 F.2d at 349; see *DeBardeleben Marine Corp. v. United States*, 451 F.2d 140, 145 (5th Cir.1971); see also 8 Michael B. McCauley and Frank P. Degiulio, Benedict on Admiralty § 1.06(D) (Rel. 67–5/95 Pub. 130).

24. 46 U.S.C.App. § 745.

is tolled, plaintiff's claims have prescribed under the SAA.

Plaintiff did not address the issue of prescription in his opposition to the motion to dismiss filed by the United States, preferring instead to argue that the FTCA applies. Since plaintiff's claims have prescribed under the SAA, and even though plaintiff has not addressed this issue, it is necessary for the Court to determine whether the prescriptive period has been tolled.

There are two reasons for justifying the tolling of prescription under the facts of this case: first, the filing of administrative claims under the FTCA within two years of the accident; and, second, the application of the "appropriate circumstances" exception which is sometimes referred to as "equitable tolling." It "has generally been agreed that the statute of limitations in maritime actions is not tolled pending resolution of administrative claims erroneously filed pursuant to the FTCA." [25] However, even if the prescriptive period had been tolled by the filing of the administrative claims, plaintiff did not file this suit until approximately six months after the Corps denied the administrative claims. Clearly, the prescriptive period had expired by the time suit was filed.

The second basis for the tolling of prescription is the "appropriate circumstances" exception ("equitable tolling"). Under this exception,

> the two-year limitation on suits under the SAA can be tolled under appropriate circumstances where to do so would not defeat the [legislative] purpose of the provision, which is to encourage those with claims against the United States to present their claims promptly and diligently, and where injustice to the plaintiff would otherwise result.[26]

Under the facts before the Court, the appropriate circumstances do not exist to justify tolling of prescription. The plaintiff waited until just six days before the expiration of the two year prescriptive period to file his administrative claims. In addition, plaintiff did not file this suit until approximately six months after receipt of the denial of the administrative claims. Based on the above, the Court concludes that enlarging the limitations period would defeat the legislative purpose of the SAA which is designed to encourage a plaintiff to promptly and diligently present his claims against the United States.

In addition to the lack of appropriate circumstances, no injustice will result from a failure to enlarge the limitations period. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." [27] No such facts have been pled nor has the Court found any such facts in this case; therefore, there is no injustice imposed on the plaintiff by the Court's refusal to extend the limitations period.

## CONCLUSION

Based on the foregoing, the Court finds that this case arises under the admiralty jurisdiction of the Court. In addition, the Court finds the SAA applies to all of the plaintiff's claims asserted against the United States. Finally, the Court holds that plaintiff's claims against the United States under the SAA have prescribed.

Therefore:

It is ordered that the motion by the United States to dismiss plaintiff's claims under Rule 12(b)(6) for failure to state a claim upon which relief may be granted be and it is hereby GRANTED.

## JUDGMENT

For written reasons assigned:

---

25. *Bovell v. United States,* 735 F.2d 755, 757 (3d Cir.1984); also see *Duke v. United States,* 711 F.Supp. 332, 334 (S.D.Tex.1989).

26. *McCormick,* 680 F.2d at 351; also see *Rashidi v. American President Lines,* 96 F.3d 124, 127 (5th Cir.1996).

27. *Rashidi,* 96 F.3d at 128 (citing *Loeber v. Bay Tankers, Inc.,* 924 F.2d 1340, 1343–44 (5th Cir.), *cert. denied,* 502 U.S. 819, 112 S.Ct. 78, 116 L.Ed.2d 51 (1991)).

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of the defendant and against the plaintiff, dismissing this suit with prejudice.