IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 00-30102
Summary Calendar

———————————

RUSSELL WILLIAMSON,

Plaintiff-Appellant,

versus

NOBLE DRILLING (U.S.), INC.,

Defendant-Appellee.

-------------------------------------------------------------

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-3061-A

-------------------------------------------------------------
January 25, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

Russell Williamson appeals from the judgment for Noble Drilling (U.S.), Inc. Williamson argues that Noble was negligent under the Jones Act, 46 U.S.C. § 688, for failing to maintain the mud pump and was liable under a *respondeat superior* theory for the negligent actions of two other crewmen. He contends that the jury "committed manifest legal error" by not finding that the MAX SMITH was unseaworthy. He contends that the jury "committed manifest legal error" by finding that he had reached maximum cure before his back surgery and by awarding him $12,000 in cure.

Williamson does not argue his mud-pump negligence contention beyond merely listing it. Williamson has failed to brief the issue for appeal. *Brinkmann v. Dallas County Deputy Sheriff*

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  He argues in conjunction with his mud-pump contention that the jury implicitly applied the doctrine of assumption of risk to his case.  He identifies no legal error, and the jury was instructed that assumption of risk was no defense.  Jurors are presumed to have followed the court's instructions.  *Zafiro v. United States*, 506 U.S. 534, 540 (1993).

Williamson does not argue that the district court erred in denying his motion for judgment as a matter of law and for a new trial.  Any error is thus waived.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  His unseaworthiness argument is directed at the jury's verdict.

This court does not review jury verdicts.  We do not consider whether the evidence was sufficient, only whether an affirmance would result in a manifest miscarriage of justice.  *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 297 (5th Cir. 1978).

The jury could have found from the testimony at trial that nothing was unusual about the connection pieces on the mud-pump rod at issue in Williamson's case; that there was no rust-welding or heat-freezing; and that the procedures used to replace the swab and rod were not unusual.  The jury could have concluded that the mud pump was reasonably safe and fit for its intended purpose and that the M/V MAX SMITH was seaworthy.  *Stevens v. East-West Towing Co., Inc.*, 649 F.2d 1104, 1107 (5th Cir. 1981).  There was no manifest miscarriage of justice.

The jury could have found from the evidence that Williamson reached maximum cure in November 1998.  Two physicians testified that they found nothing that would substantiate Williamson's complaints of pain.  *See Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

AFFIRMED.