IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-51484
Summary Calendar

LINDA BALDWIN

Plaintiff-Appellant

V.

ROBERT LAYTON

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
1:07-CV-183

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

In this employment discrimination action under Title VII of the Civil Rights Act of 1964, plaintiff-appellant Linda Baldwin appeals the district court's grant of defendant-appellee Robert Layton's Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss and denial of Baldwin's Federal Rule of Civil Procedure 59(e) Motion to Alter or Amend the Judgment. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Baldwin alleges that she was sexually harassed by a fellow employee at Northrop Grumman Information Technology ("NGIT"). During this period of harassment, Baldwin allegedly sent many faxes about this mistreatment to Layton, NGIT's human resources manager. On February 10, 2003, Baldwin filed a discrimination charge, alleging sexual harassment by the co-worker and violations of both the Texas Commission on Human Rights Act ("TCHRA") and Title VII of the Civil Rights Act of 1964 ("Title VII"), against NGIT with the Austin Commission on Human Rights and the Equal Employment Opportunity Commission (the "EEOC"). On September 8, 2003, the EEOC found that it could not conclude that any statutory violation occurred. On that same day, the EEOC sent Baldwin a right-to-sue letter stating that she had 90 days to file a lawsuit in federal court. Baldwin did not file suit within that time period. On January 7, 2005, Baldwin's attorneys withdrew from representation, explaining, inter alia, that the deadline had passed to sue in federal court.

On February 2, 2007, over three years after the EEOC sent Baldwin her right-to-sue letter, Baldwin filed this employment discrimination action against Layton in Texas state court under Title VII. Layton removed to federal court and, on March 12, 2007, Layton filed a Motion to Dismiss under Rule 12(b)(6) for failure to state a claim. On May 17, 2007, the district court granted Layton's motion, reasoning both that (1) the statute of limitations barred Baldwin's claims and that (2) Layton, as an employee, could not be held individually liable under Title VII. Baldwin filed a Rule 59(e) Motion to Alter or Amend the Judgment, arguing for the first time that she was entitled to equitable tolling because her attorney had not released himself from representation before the TCHRA filing deadline in February 2005. On November 2, 2007, the district court denied the motion, stating that Baldwin "fail[ed] to proffer any evidence

or argument that she could not have offered prior to entry of final judgment . . . ."[1]

## II. STANDARD OF REVIEW

This court reviews de novo a district court's grant of a Rule 12(b)(6) motion to dismiss, Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996), "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff," Stokes v. Gann, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" Elsensohn v. St. Tammany Parish Sheriff's Office, 530 F.3d 368, 372 (5th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)). This court reviews for abuse of discretion a district court's denial of a motion to alter or amend the judgment. Templet v. Hydrochem, Inc., 367 F.3d 473, 477 (5th Cir. 2004).

## III. DISCUSSION

Title VII's statute of limitations provides claimants with the right to file a civil action "within ninety days" after the giving of notice. 42 U.S.C. § 2000e-5(f)(1). We strictly construe this 90-day limitations period. See Ringgold v. Nat'l Maint. Corp., 796 F.2d 769, 770 (5th Cir. 1986) (holding that a Title VII claim was barred when filed 92 days late); Espinoza v. Mo. Pac. R.R. Co., 754 F.2d 1247, 1251 (5th Cir. 1985) (same). In the present case, Baldwin filed her suit over three years after the limitations period. Thus, we agree with the district court that her suit is time-barred by the statute of limitations.

Furthermore, we agree that Baldwin has failed to state a claim under Title VII because she sued Layton. This court has repeatedly rejected any individual liability under Title VII. Ackel v. Nat'l Commc'ns, Inc., 339 F.3d 376, 382 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their

---

[1] The district court also denied two subsequent responses to this order.

individual or official capacities."); Smith v. Amedisys, Inc., 298 F.3d 434, 448 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII."). In the present case, Layton is NGIT's human resources manager and thus cannot be held individually liable under Title VII.

Finally, we affirm the district court's denial of Baldwin's Motion to Alter or Amend the Judgment. The reconsideration of a judgment is an "extraordinary remedy" that we use "sparingly." Templet, 367 F.3d at 479. A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Id. at 478–79. Equitable tolling is also a remedy that should be used "sparingly." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). This court primarily applies equitable tolling when "'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir. 1996)). Equitable tolling is not warranted when an attorney merely commits error or neglect. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). In the present case, the district court did not abuse its discretion when it denied Baldwin's Motion to Alter or Amend the Judgment. Baldwin's argument for equitable tolling is not based on newly-discovered evidence and thus could have been raised before the district court prior to judgment. Furthermore, Baldwin does not clearly articulate how or why her attorneys' actions warrant the remedy of equitable tolling.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the orders of the district court.