IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-20810
Summary Calendar

STEVEN RAY SCHILLEREFF

Petitioner - Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-1872

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Steven Ray Schillereff, Texas prisoner # 1202954, was granted a stay and abeyance for his Section 2254 federal habeas petition conditioned on the filing of his state habeas pleadings by a certain date. He sought a second extension of time for filing his state habeas pleadings under the terms of the stay, and the district court denied his request. We REVERSE and REMAND.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Schillereff pled guilty to a state charge of aggravated assault with a deadly weapon. His sentence was twenty years in prison. His state appeal was denied in March 2006; the ninety-day period in which certiorari could be requested expired on May 30, 2006. On May 25, 2007, Schillereff filed a 136-page petition in U.S. district court challenging his conviction. See 28 U.S.C. § 2254. He asserted that his guilty plea was involuntary due to counsel coercion, ineffective assistance, and misstatements by the trial court. Schillereff indicated that he had not yet filed a state postconviction application but that he intended to do so. Contemporaneously with this petition, Schillereff filed a motion to stay the federal proceedings in order that he might exhaust his state remedies, pursuant to Rhines v. Weber, 544 U.S. 269 (2005). His one-year period to file his federal petition would expire on May 30, 2007. He had mailed a state postconviction application earlier in May but did not know whether it was filed. He asserted that his federal petition included both exhausted and unexhausted claims.

On June 19, 2007, the district court granted Schillereff's motion for a Rhines stay.[1] The stay was conditioned on Schillereff's filing a state postconviction application within thirty days of the order. On June 29, 2007, Schillereff filed his first motion for an extension of time to file his state application. The district court granted the motion, ordering Schillereff to file his state postconviction application by August 18, 2007. The court noted that more than a year had already passed in which Schillereff could have filed a state writ application and advised that no further extensions would be granted.

---

[1] Between 1972 and 2004, Texas applied the "two-forums" rule, which Texas courts used to dismiss state habeas applications when a prisoner also had a writ pending in federal court relating to the same conviction or the same matter. See Ex parte Powers, 487 S.W.2d 101 (Tex. Crim. App. 1972). However, the two-forums rule is no longer applied in Texas, and prisoners may file state habeas applications while a writ is pending in federal court relating to the same conviction or matter provided that the federal court has stayed its proceedings. Ex parte Soffar, 143 S.W.3d 804, 807 (Tex. Crim. App. 2004).

On September 4, 2007, Schillereff filed a second motion for an extension of time. He reported that on August 8, he had delivered his state application to prison authorities for mailing. Because of the size of his pleadings and new postal regulations regarding the weight of packages, he was forced to mail the application in seventeen separate packages. Although the first package was sent by certified mail to the Harris County Clerk of Court, it was delivered to the Harris County District Attorney's Office. On August 21, 2007, the Harris County Clerk advised Schillereff that the office had received sixteen of the seventeen packages, but because the first package was missing, the application was incomplete and could not be filed. All were returned.

In his September 4 filing for more time, Schillereff asserted that even though the prison mailroom agreed to help him deliver the postconviction application in one box, he would be unable to mail the state application before September 10. Schillereff noted that he had mailed the application ten days before the district court's imposed deadline, and the only reason for the lack of compliance was the error committed by the U.S. Postal Service. He requested sixty additional days to file his state application, which would provide the prison system with time to obtain metering capacity that would allow him to mail a single box to the state court. The district court denied the motion.

Schillereff moved for reconsideration, pointing out the circumstances of his untimely state filing and requesting an extension of time or relief that would preclude the dismissal of his pending Section 2254 petition. The district court denied the motion for reconsideration, vacated the stay, and dismissed Schillereff's Section 2254 petition without prejudice based on his failure to exhaust. Schillereff filed a timely appeal.

This court granted Schillereff a certificate of appealability on the question of whether the district court abused its discretion in denying the second motion

for an extension of time. We established a deadline for his brief. No brief was requested from the State, which has not participated in this appeal.

## DISCUSSION

Schillereff requested a stay to permit the completion of the filing of his state habeas application and the pursuit of relief in state court. Accepting the benefits of the district court's initial decision, he appeals the later denial of an extension of time when his mailed application was not properly delivered to the state court. We will first analyze whether the district court erred in its final ruling, but we then will examine the initial order that permitted the stay.

We review motions for extension of time for abuse of discretion. See United States v. Plascenia, 537 F.3d 385, 388-89 (5th Cir. 2008). A prisoner must do all that he reasonably can "to ensure that documents are received by the clerk of court in a timely manner." Thompson v. Raspberry, 993 F.2d 513, 515 (5th Cir. 1993) (citing Fallen v. United States, 378 U.S. 139 (1964), superseded by rule amendment as recognized in Carlisle v. United States, 517 U.S. 416 (1996)). We must decide whether Schillereff's actions met that standard.

The district court granted a stay until August 18, 2007. Ten days prior to that date, Schillereff gave all of his documents to prison officials. The only evidence in the record is that due to a combination of limitations on the prison's mailing system, the U.S. Postal Service's delivery error, and state regulations regarding filing when less than all pleadings have been received, Schillereff's lengthy pleadings were returned to him unfiled.

Useful here, but only for comparison, is a special rule that often applies to court filings by inmates. It is called the "prison mailbox rule," which generally allows inmate filings to be considered as having been made when the documents are placed with prison authorities. See Howland v. Quarterman, 507 F.3d 840, 844 (5th Cir. 2007). However, the rule does not apply to state habeas applications from inmates in Texas. Id. In making that holding, we relied on

a precedent which concluded that issues regarding inmate filings arising in state habeas cases from Texas fell under the doctrine of equitable tolling:

> We decline to extend the mailbox rule to the determination of filing dates for state habeas applications. Instead, when a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding, we will examine the facts to determine whether the prisoner is entitled to equitable tolling under § 2244(d)(1).

Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).

Schillereff has argued here that equitable tolling should preserve his right to proceed. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998) (citation and internal quotation marks omitted). Among the doctrine's applications is when a plaintiff "is prevented in some extraordinary way from asserting his rights." Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir. 1996). A "'garden variety claim of excusable neglect'" does not support equitable tolling. Id. (citation omitted). We examine whether Schillereff was "prevented in some extraordinary way" from making the assertion of rights in a timely fashion.

Schillereff first raised the issue of equitable tolling in his request for reconsideration of the denial of the final extension that he sought. The district judge, in granting the first extension of thirty extra days, explicitly ruled that the extra time was not based on equitable tolling. So the issue has existed in this case since early in the proceedings regarding extensions.

In the precedent that identified equitable tolling as the doctrine applicable to a case such as this in Texas, the court clerk's office had made an error. Coleman, 184 F.3d at 402. Equitable tolling was not applied, however, because after being victimized by an error outside of his control, the inmate did not diligently pursue his Section 2254 relief. Instead, he waited almost six months after learning of the problem. Id. at 403.

We do not have any evidence of Schillereff's delay after learning of the fact that one of his seventeen packages did not arrive properly. Indeed, he has moved with considerable dispatch. Schillereff asserts that he submitted the entire set of documents to state court on September 6, 2007, and that they were filed on September 12, 2007. There is no contrary evidence. Should his state habeas relief be denied, the federal door otherwise opened through Section 2254 will be closed absent a Rhines stay. Schillereff was unable to meet the district court's time deadline even though his application was addressed and mailed properly under the court's order. Due to the prison's mailing system and a postal service error, the complete file did not arrive at the clerk's office. Because of the incompleteness, nothing was filed.

Schillereff has shown that he was "prevented in some extraordinary way from asserting his rights." Rashidi, 96 F.3d at128. The only evidence is that he did all that he reasonably could do "to ensure that documents are received by the clerk of court in a timely manner." Thompson, 993 F.2d at 515. Still, the petitioner's efforts fell short. That failure was reviewed by the district court, which exercised its discretion by saying that no more extension would be granted. We now review that discretionary judicial decision for whether "a meaningful error in judgment" was committed. Lussier v. Runyon, 50 F.3d 1103, 1111 (1st Cir. 1988). The context for the district court's final exercise of judgment is that even though Schillereff's earlier requests for a stay or for an extension of time could have been denied, both had been granted. Our judgment is that once the district court started down the path of allowing an extension of time, and Schillereff diligently proceeded, it was an improper application of discretion to deny one more extension that was necessitated solely by events beyond the petitioner's control.

In deciding that the district court erred in exercising discretion, we have largely relied on the fact that the court granted the initial stay for thirty days

for filing the state proceedings, then later granted an extension which gave a total of sixty days from the original deadline. Those earlier orders, and Schillereff's compliance with them to the maximum extent possible, are what made the denial of one more extension improper. However, this pattern of analysis brings directly into focus whether a Rhines stay should ever have been granted. It is one thing to conclude, as we have, that if a stay is going to be granted, an inmate's efforts to comply with court orders under the stay should not be penalized on the basis of matters outside of his control. It is another issue altogether whether an entitlement to a Rhines stay was ever shown.

Under Rhines, a stay and abeyance is appropriate when the district court finds (1) the petitioner has good cause for failure to exhaust his claim, (2) the claim is not plainly meritless, and (3) the petitioner has not engaged in intentional delay. 544 U.S. at 277-78. The district court neither made any of these findings, nor cited Rhines. The district court may have been concerned about the good cause factor when, in its order denying the second motion for an extension of time, it stated that Schillereff made no explanation for his waiting more than a year to file his state habeas application. Schillereff had alleged that he had been unable to file his state habeas application because the state did not provide him with records he needed for his appeal until nearly a year after his trial ended. He also contends that the records were provided in DVD format, which he cannot view at the prison and had to have transcribed.

Consequently, we REVERSE. The cause is REMANDED to the district court for consideration of the Rhines factors.[2]

---

[2] Because of our reversal, we find Schillereff's motion for appointment of counsel to represent him in this court to be moot. We deny the motion.