# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2010

No. 09-30622
Summary Calendar

Lyle W. Cayce
Clerk

BRUCE WAYNE EVERETT

Plaintiff-Appellant, Cross-Appellee

v.

ATLANTIC SOUNDING COMPANY, INC.; WEEKS MARINE, INC.

Defendants-Appellees, Cross-Appellants

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-cv-05302

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff Bruce Everett and defendants Weeks Marine, Inc. ("Weeks") and Atlantic Sounding Co., Inc. ("Atlantic") appeal from the district court's award of damages to Everett for injuries suffered onboard the E.W. ELLEFSEN. We affirm the district court in part, reverse in part, and remand this case for correction of the judgment entered for Everett.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30622

In April 2007, Atlantic hired Everett to work as an oiler onboard the E.W. ELLEFSEN, a dredge vessel owned by Weeks, Atlantic's parent company. On August 5, 2007, Everett slipped while moving a hose onboard the vessel and injured his tailbone and lower back. Less than a month later, Everett filed suit against Atlantic and Weeks, claiming that defendants' negligence and the unseaworthiness of the E.W. ELLEFSEN caused his injury. He sought damages under general maritime law and the Jones Act, *see* 46 U.S.C. § 30104 (2006), and payment of maintenance and cure. Generally, after an accident, a seaman's employer must pay maintenance and cure, or in other words, "food and lodging of the kind and quality [the injured seaman] would have received aboard the ship" and reimbursement for "medical expenses actually incurred." *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002). Everett also sought damages for lost wages, loss of future earning capacity, and payment of attorney's fees for defendants' failure to pay for any maintenance and cure other than his visit to the emergency room immediately following the accident. After his emergency room visit, Everett received additional medical treatment for his back injury, and he alleges that the injury prevents him from returning to heavy labor similar to that he performed before the accident.

After a bench trial, the district court found that Everett's injury resulted from defendants' negligence and the consequent unseaworthiness of the E.W. ELLEFSEN, but that 20% of the fault for the accident could be attributed to Everett's own negligence. It therefore awarded Everett $50,000 for past pain and suffering, but reduced the award by 20% to $40,000. It also awarded Everett maintenance and cure. An employer's obligation to pay maintenance and cure terminates when an injured seamen attains maximum cure, i.e., "'where it is probable that further treatment will result in no betterment in the claimant's condition.'" *Id.* at 468 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). The district court found that Everett attained

maximum cure on November 7, 2007, when he began performing general carpentry work. As such, the district court awarded Everett maintenance payments of $20 per day from the date of his accident until November 7 and a cure payment covering the cost of his medical expenses up to November 7. The court docked Everett's cure award for his contributory negligence, reducing it from $6,796.75 to $5,437.40, but did not similarly limit Everett's maintenance award.[1]

Everett now appeals the district court's determination that he reached maximum cure on November 7, 2007, the court's decision not to award reimbursement for medical expenses incurred past that date, its failure to award damages for lost wages and his future loss of earning capacity, and its limitation of his cure award for contributory negligence. Conversely, Weeks and Atlantic appeal the district court's award of any maintenance and cure at all, as they argue that Everett's failure to disclose his status as HIV positive should bar any award. After reviewing the evidence, we find that it would waste judicial resources to write a lengthy opinion, as our opinion would merely restate the analysis already provided in the district court's excellent opinion.

Accordingly, we affirm the district court's judgment, with one exception. We find that the court erred in reducing Everett's cure award for his contributory negligence, since "a seaman's negligence does not negate a shipowner's duty to pay maintenance and cure." *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1013 (5th Cir. 1994). It appears that the district court's error was inadvertent, as the court itself acknowledged that an employer's obligation

---

[1] In its opinion, the district court also reduced Everett's maintenance award to account for his contributory negligence. However, in the judgment entered by the district court, the court did not reduce the maintenance award for contributory negligence. As will be explained below, maintenance awards generally may not be reduced for contributory negligence. The district court's judgment properly corrected the erroneous limitation of Everett's maintenance award in its opinion, but did not similarly correct the opinion's limitation of Everett's cure award.

to provide maintenance and cure arises independently "of any other source of recovery for the seaman," *id.*, and that therefore a seaman or employer's negligence is not at issue in such circumstances. *See Brister v. AWI, Inc.*, 946 F.2d 350, 360 (5th Cir. 1991). That said, we have previously recognized that "a seaman clearly can receive only one recovery for his medical expenses." *Id.* at 361. As a result, a seamen is not entitled to maintenance and cure that duplicates other awarded damages. However, in this case, it does not appear that the district court's award of $40,000 in damages covered any of Everett's medical expenses, which would justify limiting his cure award. The district court characterized its award of $40,000 as remedying Everett's past pain and suffering, while it stated that "[w]ith respect to the Plaintiff's benefits for cure, . . . the Court finds that an award of $6,796.75 for past medical expenses is appropriate." Consequently, the district court's limitation of its cure award to $5,437.40 was erroneous; instead, Everett is entitled to cure award of $6,796.75, without reduction for his contributory negligence.

Consequently, the district court is AFFIRMED in part and REVERSED in part, and this case is REMANDED for correction of the judgment entered in favor of Everett.