# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 1, 2011

No. 10-20786

Lyle W. Cayce
Clerk

OMAR JASO,

Plaintiff - Appellant

v.

THE COCA COLA COMPANY; THE COCA COLA EXPORT
CORPORATION; MCCANN ERICKSON,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2423

Before KING, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Omar Jaso commenced this lawsuit against
Defendants–Appellees, alleging, *inter alia*, that they had infringed a copyright
he held in a musical composition by creating a derivative composition that they
used in a widespread advertising campaign. Defendants moved for dismissal of
Jaso's amended complaint under Federal Rule of Civil Procedure 12(b)(6) on the
basis that Jaso's claims were barred by the statute of limitations and otherwise

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

failed to state a claim. In response, Jaso sought to further amend his complaint. The district court granted Defendants' motion to dismiss on the basis that Jaso's claims were time-barred and refused to allow a further amendment to his complaint on the basis that those claims, as pled, were also time-barred. We REVERSE and REMAND for further proceedings as to the claims alleged in Jaso's proposed second amended complaint that did not facially occur outside of the limitations period. We otherwise AFFIRM the judgment of the district court.

## I. Factual & Procedural Background

Omar Jaso claims that he composed a musical work entitled "El Juego," which he registered with Mexico's Public Copyright Registry in 1987. Jaso claims that, in 1994, he learned that The Coca Cola Company ("Coca Cola") and The Coca Cola Export Corporation ("Export") were using a song entitled "Always Coca-Cola" ("Always") in an advertising campaign produced by its marketing company, McCann Erickson ("McCann") (Coca Cola, Export, and McCann, collectively, "Defendants"). He alleges that Coca Cola registered "Always" with the United States Copyright Office in 1994. Jaso alleges that Defendants derived "Always" from "El Juego" without his permission and that they continue to use it to market Coca Cola products.

In 1994, Jaso commenced an unsuccessful lawsuit for criminal copyright infringement against Coca Cola in Mexico. On July 7, 2010, Jaso commenced this lawsuit against Defendants, alleging that Defendants' creation and use of "Always" infringed his copyright in "El Juego" in violation of United States copyright law, 17 U.S.C. §§ 101, *et seq.* Additionally, Jaso claimed that: (1) Coca Cola contributed to copyright infringement by third parties; (2) Defendants engaged in "racketeering activity" in violation of 18 U.S.C. § 1962(c); (3)

No. 10-20786

Defendants' use of "Always" was unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), and Texas unfair competition law; (4) Defendants were unjustly enriched by their use of an unauthorized derivative of "El Juego"; (5) Defendants conspired to deprive Jaso of his intellectual property in violation of Texas law; and (6) he was entitled to a declaratory judgment stating that Coca Cola's copyright in "Always" was invalid and his copyright in "El Juego" was valid.

After Jaso filed his first amended complaint,[1] Defendants moved to dismiss all of Jaso's claims on the basis that they were facially barred by the applicable statutes of limitations. Defendants argued that Jaso was aware of his claims against Defendants beginning in 1994, and that the applicable statutes of limitations for those claims had run. Defendants also argued that none of Jaso's claims had been alleged with sufficient factual specificity to establish liability. Coca Cola and Export attached, as an exhibit to their joint motion to dismiss, a document purporting to demonstrate that the advertising campaign that used the song "Always" ended in 2000 and was replaced with a different advertising campaign. This document was a printout of a webpage entitled "Highlights in the History of Coca-Cola Television Advertising" ("Highlights Exhibit") taken from the Library of Congress's website.

In response to Defendants' motion to dismiss, Jaso claimed that the statutes of limitations should have been equitably tolled because he was unable to commence his suit against Defendants until he moved to the United States in 2008 and because he had been threatened with death in 2000 if he pursued any

---

[1] Although this was denominated Jaso's "first amended complaint," it was, in fact, his second attempt to amend his complaint because he had failed to properly sign his "amended complaint."

No. 10-20786

copyright claims against Coca Cola. Jaso simultaneously moved to amend his complaint, for the third time, proposing what he designated as his Second Amended Complaint. Jaso argued that the amendment should be allowed because it incorporated his equitable tolling arguments and provided greater factual detail for several of his claims.

The district court attempted to resolve all of these issues at an initial conference on October 22, 2010. Throughout the conference, counsel for Coca Cola stated as a fact that Coca Cola had used "Always" in marketing ten years ago but had stopped in approximately 2000.[2] Although it is not clear whether the district court based its decision on the Highlights Exhibit or Defendants' flat assertions that their use of "Always" stopped on that date, the district court accepted that Coca Cola stopped using "Always" in marketing after 2000 and relied upon this "fact" when making its final decision. The district court rejected Jaso's allegations of infringement by Defendants in the first amended complaint

---

[2] At the initial conference, counsel for Coca Cola stated that he personally listened to "El Juego," and that "there are a string of . . . seven or eight notes in ['El Juego'] that have some similarity to that same seven or eight notes in ['Always']." With respect to Defendants' use of "Always," the following exchange occurred:

THE COURT: Is Coca-Cola using the music now?

MS. JAMES (Counsel for Jaso): Yes.

. . . .

MR. BABER (Counsel for Coca Cola): Your Honor, to the best of my knowledge, we are not.

THE COURT: Do you know when, to the best of your knowledge, you stopped?

MR. BABER: Yes, your Honor . . . . [T]his jingle was used in connection with what was called the "Coca-Cola Always" campaign. The campaign launched in . . . February 1993 in the US, and it was used up until approximately 2000. So, 10 years ago was when it was used as the marketing/advertising campaign for the company's products.

4

and proposed second amended complaint that could have occurred after 2000, reasoning that Jaso did not plead "an act by the person you're suing . . . within the limitations period."

The district court also rejected the equitable tolling arguments that Jaso asserted in his proposed second amended complaint. The district court was not persuaded by Jaso's claim that the statute of limitations should have been tolled until 2008 when Jaso arrived in the United States, reasoning that Jaso's absence from the country did not bar his access to the United States court system. The district court also concluded that Jaso's allegations that he and his family had been threatened with harm in 2000 if he pursued a copyright claim against Coca Cola did not toll the statute of limitations on his claims. The district court reasoned that those threats "didn't last 17 years" and this argument was "inconsistent with [Jaso] having persisted . . . in his criminal complaint against Coca Cola [in Mexico]."

The district court concluded that "[t]he time within which Mr. Jaso can complain about acts between 1993 and 2000 has long ago passed," and entered a final judgment in favor of Defendants on all of Jaso's claims. Jaso now appeals.

## II. Discussion

On appeal Jaso does not challenge the district court's dismissal of his first amended complaint as time-barred. Instead, Jaso's entire argument on appeal is that he should have been allowed to amend his complaint because the proposed second amended complaint: (1) alleged unlawful acts by Defendants within the limitations period; and (2) established Jaso's entitlement to equitable tolling of the statute of limitations. Defendants contend that the district court

properly concluded that Jaso's proposed second amended complaint was time-barred on its face because it failed to allege any unlawful acts by Defendants within the applicable limitations periods.

As discussed above, the district court's basis for denying Jaso leave to amend his complaint was the "fact," which the district court considered established, that any unlawful acts committed by Defendants ceased in 2000 and that Jaso's proposed second amended complaint did not overcome this hurdle.[3] This court ordinarily reviews denial of a motion to amend for abuse of discretion. *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010). But when, as in this case, "the district court's denial of leave to amend was based solely on futility, we apply a de novo standard of review identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6)." *Id.* (citation omitted). Thus, resolution of Jaso's appeal hinges on the burden of proving the affirmative defense of limitations at the 12(b)(6) stage. The burden of pleading and establishing the statute of limitations defense falls upon the defendant. *See* FED. R. CIV. P. 8(c)(1).

Under the Rule 12(b)(6) standard of review, this court accepts "all well-pleaded facts as true and construe[s] the complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) (citation omitted). A plaintiff typically is not required to plead, in the complaint, facts that negate an affirmative defense. *See Davis v. Ind. State Police*, 541 F.3d 760, 763 (7th Cir. 2008); *see also Jones v. Bock*, 549 U.S. 199, 216 (2007) (plaintiffs are not required to "specially plead or demonstrate" a

---

[3] Although Defendants' motion to dismiss also alleged that Jaso's first amended complaint otherwise failed to state a claim, the district court's decision did not rest on that allegation, and we decline to address it here.

response to the affirmative defense of failure to exhaust administrative remedies in a complaint brought under the Prison Litigation Reform Act). Nor did the pleading standards announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "revise the allocation of burdens concerning affirmative defenses." *Davis*, 541 F.3d at 763. With respect to the statute of limitations defense, dismissal at the 12(b)(6) stage is proper only "where it is evident from the [complaint] that the action is barred and the [complaint] fail[s] to raise some basis for tolling." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE, § 1357 at 714–21 (3d ed. 2004) ("[T]he inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim."). Stated differently, because an adequately stated claim " 'may be supported by showing *any set of facts* consistent with the allegations in the complaint,' " dismissal for failure to state a claim based on the statute of limitations defense should be granted only when "the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007) (en banc) (quoting *Twombly*, 550 U.S. at 563). Therefore, to determine whether the district court properly concluded that allowing Jaso to submit the second amended complaint was futile, we examine the proposed amendments to determine whether Defendants' conduct, as alleged, clearly occurred outside of the limitations period applicable to Jaso's claims.

A.    **Jaso's Copyright Infringement Claim**

Jaso contends that the district court's refusal to allow him to amend his complaint was in error—and that his complaint should not have been dismissed—because his proposed second amended complaint alleged that

No. 10-20786

Defendants continue to infringe his copyright in "El Juego" to the present day. Defendants respond that Jaso's proposed second amended complaint was futile because it did not allege any acts of infringement within the statutory period and because Defendants ceased using "Always" to market Coca Cola in 2000.

The parties do not dispute that Jaso's proposed second amended complaint alleges that he holds a copyright in "El Juego."[4] As a copyright holder in "El Juego," Jaso has the exclusive right, subject to certain limitations, to reproduce the work, prepare derivative works, distribute copies of the work, and perform the work publicly. 17 U.S.C. § 106(1)–(6). "Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright." 17 U.S.C. § 501(a).

A civil action for copyright infringement must be commenced "within three years after the claim has accrued." 17 U.S.C. § 507(b). In this circuit, *each* act of infringement gives rise to an independent claim, and the defendant "is only liable for his acts of infringement committed within three years prior to [p]laintiff's lawsuit." *Makedwde Publ'g Co. v. Johnson*, 37 F.3d 180, 182 (5th Cir. 1994) (emphasis removed) (citing *Stone v. Williams*, 970 F.2d 1043, 1049 (2nd Cir. 1992)); *see also* 3 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 12.05[B][1][c], at 12-150.4 (2011) ("If infringement occurred within three years prior to filing, the action will not be barred even if prior infringements . . . occurred more than three years previously."). Therefore, the district court's decision to disallow Jaso's proposed second amended complaint

---

[4] Jaso may be relying, in part, on his Mexican copyright and the Berne Convention. *See* 17 U.S.C. 104(b); *see also* 1 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 5.07[B], at 5-68 (2011) ("[P]ublished works authored by Berne nationals and domiciliaries are protected under U.S. copyright law.").

was proper if it is evident from the proposed second amended complaint that no acts of infringement occurred within the limitations period.

Jaso's first amended complaint stated that the suit was brought to redress "Defendants' unlawful production, offering, distribution and sale of commercial novelt[y] items including but not limited to:  calculators, telephones, musical toys and the like, as well as causing the music to be performed on the internet." Jaso also alleged in the first amended complaint that "Defendants produce and sell commercials and other advertising products containing 'Always Coca Cola,' an unauthorized derivative of ['El Juego']."

In his proposed amendment, Jaso added the allegation that from "[1]994 to present . . . Coca Cola America copyrighted an unauthorized derivative of El Juego," that Coca Cola and Export "distributed the music internationally," and that McCann "created unauthorized derivatives for Coca Cola America in America that were distributed internationally." Jaso's proposed second amended complaint further alleged that Coca Cola sold commercials using the infringing music through Export to international distributors and received royalties for the use of "Always."  The proposed second amended complaint also alleged that McCann distributed the infringing commercial advertisements in Mexico.

We make no finding regarding whether Jaso's allegations of infringement from 1994 to present are sufficient to state a claim under ordinary pleading standards governing a complaint. *See Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (requiring complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).  Instead, we focus on the district court's stated reason for disallowing Jaso's proposed amendment to his copyright

## No. 10-20786

infringement claim:  that Jaso did not point to "an act by [Defendants] . . . within the limitations period."   We conclude that Jaso's statement in the second amended complaint describing Defendants' conduct "in [1]994 to present" alleges, albeit barely, that Defendants committed *some* acts of copyright infringement within three years of filing the complaint.  Thus, Jaso's potential response to the affirmative defense of the statute of limitations—that specific acts of infringement occurred within the limitations period—is not "foreclosed by the allegations in the complaint."  *See Goodman*, 494 F.3d at 466; *cf. EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank*, 467 F.3d 466, 471 (5th Cir. 2006) (dismissal at the 12(b)(6) stage due to statute of frauds defense was improper because proof of a written contract was not "foreclosed by the face of [Plaintiff's] pleadings").

Defendants argue that Jaso's allegations of infringement are nevertheless facially barred by the statute of limitations because the "Always" advertising campaign ended in 2000, as proven by the Highlights Exhibit.  Thus, according to Defendants, any alleged act of infringement occurred at least ten years before Jaso filed his complaint, and the claim is barred by the statute of limitations. This fact does not appear on the face of Jaso's proposed second amended complaint.  To the extent that the district court relied on the Highlights Exhibit or Defendants' assertion that the "Always" advertising campaign ended in 2000, its acceptance of such a pivotal fact was, to say the very least, flawed.[5]  *See*

---

[5] Counsel for McCann urges that this court can take judicial notice of the facts stated in the Highlights Exhibit.  McCann also claims that the facts stated in the Highlights Exhibit should be accepted because, in its briefing below, McCann asked the district court to take judicial notice of the Highlights Exhibit, and Jaso did not object.  We accept neither proposition advanced by McCann.  First, it is not at all clear from the record that the district court took judicial notice of the Highlights Exhibit.  In deciding that Defendants had ceased

No. 10-20786

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (when ruling on a Rule 12(b)(6) motion, the court may only "consider the complaint in its entirety, as well as other sources courts ordinarily examine . . . , in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *see also Sw. Bell Tel. LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) ("[W]hen deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint."). Therefore, the district court erred in concluding that Jaso's second amended complaint, on its face, alleged only infringing conduct outside of the limitations period.[6] Defendants raise several other arguments regarding whether Jaso's second amended complaint otherwise fails to state a claim for copyright infringement. We express no opinion on the validity of those arguments, which the district court should examine on remand.

---

using "Always" in advertising, the district court made no reference to the Highlights Exhibit, but, apparently, relied on the flat assertion by counsel for Coca Cola to establish this fact. Second, although this court has, in the past, taken judicial notice of information posted on a government website, *see, e.g., Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005), the Highlights Exhibit—an unattributed, uncited overview of Coca Cola's television advertising history—is not a "source[] whose accuracy cannot reasonably be questioned," FED. R. EVID. § 201(b). Third, the Highlights Exhibit describes only Coca Cola's television advertising history. By contrast, Jaso's second amended complaint describes a far broader spectrum of marketing activity by Defendants, so the Highlights Exhibit does not preclude all of Jaso's allegations of copyright infringement.

[6] For identical reasons, we conclude that the district court should have allowed Jaso to amend his complaint because his contributory infringement claim against Coca Cola was not facially barred by the statute of limitations. *See Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999) ("A party is liable for contributory infringement when it, with knowledge of the infringing activity, induces, causes or materially contributes to infringing conduct of another.") There is no dispute in this case that the statute of limitations for contributory copyright infringement is the same as for ordinary copyright infringement, and Jaso's claims of contributory copyright infringement are not facially outside of the limitations period.

11

## B.     Jaso's RICO Claim

Jaso next contends that the district court's refusal to allow him to amend his complaint was in error because his proposed second amended complaint alleged that Defendants' infringement of Jaso's copyright in "El Juego" was criminal copyright infringement in violation of 18 U.S.C. § 2319, and therefore constituted an injury caused by a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  *See* 18 U.S.C. § 1962(c) (it is "unlawful" to conduct an "enterprise's affairs through a pattern of racketeering activity"); § 1961(1) (the definition of "racketeering activity" includes a violation of 18 U.S.C. § 2319).  A civil action may be brought by "[a]ny person injured in his business or property" by a § 1962 violation.  18 U.S.C. § 1964(c).

The statute of limitations on a civil RICO claim is four years after the claim has accrued. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987).  In this circuit, a civil RICO claim accrues on the date "when a plaintiff knew or should have known of his injury."  *Rotella v. Wood*, 528 U.S. 549, 553–54 (2000).  We also apply a "separate accrual" rule when RICO claims potentially involve a series of separate injuries.  *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 774–75 (5th Cir. 2000).  Under this rule, "[w]hen a pattern of RICO activity causes a continuing series of separate injuries . . . a civil RICO claim . . . accrue[s] for *each* injury when the plaintiff discovers, or should have discovered that injury."  *Id.* at 773 (citing *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1102 (2d Cir. 1988)) (emphasis added).

Jaso's first amended complaint and proposed second amended complaint alleged that, from 1994 to 2010, Coca Cola, Export, and McCann "comprised an association of fact . . . by virtue of their affiliation with each other [through] their

No. 10-20786

use of the advertisement system to facilitate the illegal distribution of [i]nfringing commercial advertisements."  Both complaints also stated that, "[f]rom 1994 through 2010, Coca Cola America engaged in a pattern of racketeering acts when it repeatedly infringed Jaso's copyrights by publishing and distributing internationally commercials containing infringing music as well as causing the music to be published on the internet."[7]  Jaso alleged that he had been injured by these acts.

Jaso's second amended complaint supplemented the alleged RICO violations in the first amended complaint by enumerating fifteen criminal violations that fell under the definition of "racketeering activity" in § 1961(1). Several of these allegations involved criminal copyright infringement in violation of 18 U.S.C. § 2319.  Specifically, Jaso alleged that Defendants willfully infringed his copyrights in "El Juego" in violation of 18 U.S.C. § 2319 when they "falsely copyrighted and distributed Plaintff's copyrighted work"; when they "sold and exported the master commercials containing the infringing works to foreign entities"; and when they "repeatedly aired and made public on the internet the Plaintiff's copyrighted work."

As with Jaso's copyright infringement claim, we cannot conclude from the face of Jaso's proposed second amended complaint that these alleged acts of criminal copyright infringement occurred outside of the limitations period. Reading Jaso's individual allegations of racketeering activity added in the second amended complaint in conjunction with his allegations that the

---

[7] Although this allegation appears in the RICO claim portion of Jaso's complaints and is not specifically incorporated into his copyright infringement claim, it can also be read as an allegation of copyright infringement within the limitations period. *See Iqbal*, 129 S. Ct. at 1961 (evaluating plaintiff's allegations by "[t]aking the complaint as a whole").

13

racketeering activity occurred from 1994 to 2010, he has alleged that individual acts of racketeering occurred within the limitations period.  Pursuant to this court's separate accrual rule, even if Jaso knew RICO violations had occurred in 1994, he could still recover for injuries caused by criminal copyright infringement that occurred within four years of the date he commenced his lawuit.  *See Love*, 230 F.3d at 775.  Accordingly, the district court erred in denying Jaso's motion to amend on the basis that his RICO claim was facially barred by the statute of limitations.[8]  We reverse the district court on the statute of limitations ground at this stage of the proceedings.  As stated above, we pretermit any evaluation of whether Jaso's second amended complaint has otherwise properly stated a claim for a violation of § 1962(c).

## C.    Jaso's Lanham Act Claim

Jaso next contends that the district court's refusal to allow him to amend his complaint was in error because his proposed second amended complaint alleged violations of the Lanham Act, 15 U.S.C. § 1125(a).  Jaso argues that Defendants "reverse passed off"[9] Jaso's musical composition as their own when Coca Cola "filed a fraudulent copyright on 'El Juego' and affixed a copyright notice to their use of 'El Juego' worldwide."

The Lanham Act "establishes no limitations period for claims alleging unfair competition or false advertising."  *Conopco, Inc. v. Campbell Soup Co.*, 95

---

[8] For reasons stated in our discussion of Jaso's copyright infringement claim, the district court could not rely on the Highlights Exhibit, or counsel's assertion that use of "Always" stopped in 2000, to conclude that Jaso's RICO claim was facially barred by the statute of limitations.

[9] "Reverse passing off" is a species of Lanham Act violation in which a "producer misrepresents someone else's goods or services as his own." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 27 n.1 (2003).

F.3d 187, 191 (2d Cir. 1996). Therefore, courts apply the defense of laches to untimely claims, looking to "the most appropriate or the most analogous state statute of limitations for laches purposes." *Id.* (citation and internal quotation marks omitted). The parties do not dispute, and we assume for purposes of this case, that the most analogous Texas statute of limitations for a Lanham Act claim is the four-year statute of limitations applied to fraud claims under § 16.004 of the Texas Civil Practice & Remedies Code. *See, e.g., Mary Kay, Inc. v. Weber*, 601 F. Supp. 2d 839, 859–60 (N.D. Tex. 2009) ("In Texas, a Lanham Act violation is governed by the four year statute of limitations under Texas law." (citation and internal quotation marks omitted)). The time period for laches under the Lanham Act "begins when the plaintiff knew or should have known of the infringement." *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998) (citation omitted). The defense of laches requires proof that there was (1) a "delay in asserting a right or claim"; (2) "that the delay was inexcusable"; and (3) "that undue prejudice resulted from the delay." *Id.* (citation and internal quotation marks omitted).

Jaso's delay in asserting his Lanham Act claim may have been inexcusable: Jaso stated in his complaint that he was aware that the conduct he has alleged as reverse passing off—obtaining a copyright for "Always"—occurred in 1994, when he commenced his criminal copyright infringement claim against Coca Cola. However, Defendants do not contend that Jaso's delay in bringing his Lanham Act claim prejudiced them. *See Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 344 (5th Cir. 2005) ("All that [appellees] argue is that [the appellant] waited too long [to file]. This argument does not satisfy

their burden [of proving laches].").[10] Nor does Jaso's complaint facially establish any undue prejudice to Defendants from his delay. Accordingly, the district court erred in concluding that Jaso's complaint established that Jaso's Lanham Act claim was untimely. As with Jaso's other claims, our decision to remand is limited to our conclusion that the laches defense is not apparent on the face of Jaso's proposed second amended complaint.[11]

## D.    Jaso's Unjust Enrichment Claim

Jaso's proposed second amended complaint included a claim for unjust enrichment under Texas law. Jaso has waived any challenge to the district court's judgment with respect to this claim, however, by failing to address it on appeal. *See, e.g., Thibault*, 612 F.3d at 849 n.7.

---

[10] Other circuits that have addressed laches in the context of a Lanham Act claim have determined that a delay beyond the limitations period creates the presumption that laches applies, which the purported owner of the mark must rebut. *See  Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 837 (9th Cir. 2002) (collecting cases); *see also* 6 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION, § 31:23 at 31-75–31-78 (4th ed. 2011). Generally, this court requires the defendant to prove all three elements of the laches defense, and Defendants have not argued otherwise. Nor do our cases applying laches in the context of a Lanham Act violation appear to have applied the same presumption as other circuits. *See Elvis Presley Enters.*, 141 F.3d at 205–06 (stating that laches defense was unavailable because, even if plaintiff's delay in bringing Lanham Act claim was inexcusable, defendants failed to prove undue prejudice from the delay).

[11] Jaso's proposed second amended complaint also alleged a violation of Texas's unfair competition law. Jaso has waived this claim by failing to discuss it on appeal. *See, e.g., Thibault v. Bellsouth Telecomms., Inc.*, 612 F.3d 843, 849 n.7 (5th Cir. 2010) (holding that breach of contract claim that was not presented as an issue on appeal was waived). Furthermore, because this claim is based on Coca Cola's filing of the "Always" copyright, this claim is facially barred by the two-year statute of limitations applicable to such a claim. *See Daboub v. Gibbons*, 42 F.3d 285, 290–91 (5th Cir. 1995) (stating that a Texas state law claim for unfair competition was time barred "as the underlying alleged wrongful act took place [seventeen years before filing suit], when [defendant] acquired a copyright and property interest in the song").

No. 10-20786

### E.     Jaso's Civil Conspiracy Claim

Jaso's proposed second amended complaint included a claim for civil conspiracy under Texas law.  Jaso makes only two oblique references to this claim on appeal, neither of which attempts to explain why it was not time-barred.  Accordingly, Jaso has not properly briefed whether the district court erred in denying him leave to amend this claim, and we do not consider it.  *See* FED. R. APP. P. 28(a)(9)(A); *see also United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) ("It is not enough to merely mention or allude to a legal theory." (citation and internal quotation marks omitted)).

### F.     Jaso's Request for a Declaratory Judgment

Jaso argues that his proposed second amended complaint demonstrates that he was entitled to a declaratory judgment stating that Coca Cola's copyright in "Always" was invalid because the copyright Coca Cola filed failed to state that it was derived from "El Juego."  The district court rejected Jaso's claim on the same basis it rejected his other claims, stating that "whatever it was Coca-Cola did, it did it a long, long time ago."  On appeal, Coca Cola concedes that no specific statute of limitations applies to Jaso's request for a declaratory judgment, and instead it asserts several other bases for denying Jaso declaratory relief.  Because we find that the district court should have allowed Jaso to amend his complaint as to his claims for copyright infringement, contributory copyright infringement, RICO violations, and Lanham Act violations, we reverse and remand to allow the district court to address these arguments in the first instance.

### G.     Jaso's Request for Equitable Tolling

No. 10-20786

Jaso next argues that the district court erred in refusing to allow his proposed second amended complaint because he properly alleged that the statute of limitations on his claims should have been equitably tolled.  Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some other extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  But a plaintiff who "fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam); *see also Rashidi*, 96 F.3d at 128 (declining to apply equitable tolling to claim where plaintiff "could have filed his claim properly with even a modicum of due diligence").

As the first basis for equitable tolling, Jaso claims that the statute of limitations on all of his claims should be tolled because, in 2000, Jaso was "threatened at gunpoint to stop all lawsuits against Coca Cola" and because "there was a kidnapping attempt against his son in Mexico as well as other threats of violence against his immediate family."  Broadly speaking, this type of threat could be viewed as falling under conduct by the defendant that prevents the plaintiff "in some other extraordinary way from asserting his rights." *Rashidi*, 96 F.3d at 128.  Assuming, without deciding, that this conduct could equitably toll the statute of limitations, it does not do so in this case.  Jaso's complaint refers only to two instances in which he or his family was threatened with harm.  Both instances occurred in 2000.  Proof of threats have been considered in tolling the statute of limitations only where "the threats themselves continue up to the point that the plaintiff brings her action." *Baye v. Diocese of Rapid City*, 630 F.3d 757, 762 (8th Cir. 2011); *see also Rakes v.*

18

No. 10-20786

*United States*, 442 F.3d 7, 26 (1st Cir. 2006) (plaintiff must demonstrate that threats leading to duress were continuous before equitably tolling the statute of limitations); *Overall v. Estate of Klotz*, 52 F.3d 398, 404 (2d Cir. 1995) (same). Accordingly, this form of equitable tolling is not available to Jaso, and the district court correctly rejected its application.[12]

As a second basis for tolling the statute of limitations, Jaso claims that he could not commence his lawsuit against Defendants from Mexico and had to wait until he arrived in the United States in 2008. The district court correctly rejected this argument. Aside from his physical presence in Mexico, Jaso has not alleged that any "extraordinary" circumstance prevented him from obtaining local counsel and commencing his suit against Defendants in the United States. Furthermore, Jaso arrived in the United States in 2008 and did not commence his lawsuit against Defendants until July 7, 2010. Jaso has not demonstrated that he pursued his rights with due diligence, and he cannot invoke equitable tolling on this ground.[13] Thus, the district court properly denied Jaso's motion to amend with respect to his equitable tolling claims, and Jaso's claims based on

---

[12] Relatedly, Jaso appears to claim that Coca Cola threatened him, that these threats were aided by the Mexican government, and that the threats were "in essence" torture. Thus, according to Jaso, his claims were brought within the ten-year statute of limitations under the Alien Tort Claims Act (ATCA), 28 U.S.C. § 1350. *See, e.g., Chavez v. Carranza*, 559 F.3d 486, 492 (6th Cir. 2009) (applying ten-year statute of limitations from Torture Victims Prevention Act to ATCA claim based on torture and extrajudicial killing). Jaso has waived this argument on appeal by failing to raise it below in response to Defendants' motion to dismiss. *See Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 701 (5th Cir. 2004).

[13] Jaso also argues that a hodgepodge of other factors prevented him from timely commencing his suit against Coca Cola, including the assertions that he suffered from depression and drug dependency and that he was incarcerated in Mexico for four and one half months in 2000 on charges that were later dismissed. None of these factors justified tolling the statute of limitations on any of Jaso's claims.

No. 10-20786

individual acts of copyright infringement, racketeering activity, and violations of the Lanham Act that occurred outside of the limitations period are barred on remand.

### III.  Conclusion

The district court's judgment denying Jaso leave to amend his complaint is AFFIRMED as to Jaso's unjust enrichment, civil conspiracy, and Texas unfair competition claims, and his request that the statue of limitations on all of his claims be equitably tolled or be governed by the ATCA.  The judgment of the district court denying Jaso leave to amend his complaint is REVERSED and REMANDED as to Jaso's copyright infringement, contributory copyright infringement, RICO, Lanham Act, and declaratory judgment claims.  On remand, the district court should address Defendants' arguments as to various other deficiencies in Jaso's proposed second amended complaint regarding these remaining claims.  Each party shall bear its own costs.