# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 2, 2013

No. 13-20045
Summary Calendar

Lyle W. Cayce
Clerk

OMAR JASO,

Plaintiff-Appellant

v.

THE COCA COLA COMPANY; THE COCA COLA EXPORT
CORPORATION; MCCANN ERICKSON,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2423

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Appellant Omar Jaso appeals from the district court's summary judgment in favor of the defendants on his complaint for alleged copyright infringement, RICO violations, and Lanham Act violations. Jaso contends that he holds a Mexican copyright in a song entitled "El Juego," and that in 1994 the Appellees (collectively "Coca Cola defendants") began unlawfully using a derivative work

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitled "Always Coca-Cola" in an advertising campaign. Jaso brought an unsuccessful criminal complaint against Coca Cola in Mexico in the 1990s before filing the instant suit in 2010. Because of the lengthy passage of time since the Coca Cola defendants allegedly began using Jaso's song, the district court dismissed the complaint as barred by limitations. We reversed in part because some claims in a proposed amended complaint were not barred, at least on their face, and we remanded for the district court to allow Jaso to file his amended complaint. *See Jaso v. The Coca Cola Co.*, 435 F. App'x 346 (5th Cir. 2011) ("*Jaso I*"). The district court again dismissed the complaint on remand. Reviewing the record de novo, *see*, *e.g.*, *Tekelec, Inc. v. Verint Sys., Inc.*, 708 F.3d 658, 662 (5th Cir. 2013), we AFFIRM for the following reasons.

Jaso's claim that the district court failed to comply with the mandate of *Jaso I* is without merit. Our prior opinion held that the district court should have granted Jaso leave to amend his complaint in order to allege several claims that were not facially barred on limitations grounds. *See Jaso I*, 435 F. App'x at 358–59. On remand, the district court ordered Jaso to file an amended complaint that was consistent with our opinion. Because *Jaso I* had held that some of the claims contained in the proposed amended complaint were barred while other claims should be permitted to go forward, the district court's order at bar was not erroneous and complied with "both the letter and spirit of the mandate." *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 675 F.3d 433, 438 (5th Cir. 2012) (internal quotation marks and citation omitted).

There is also no merit to Jaso's claim that the district court improperly converted the motion to dismiss into a motion for summary judgment. The district court provided notice of the conversion, gave the parties an opportunity to supplement their pleadings, and considered evidence outside of the complaint, some of which Jaso himself submitted. There was no error. *See Bolen v. Dengel*, 340 F.3d 300, 312–13 (5th Cir. 2003); *see also* Fed. R. Civ. P. 12(d).

Nor did the district court incorrectly assign the burden of proof on summary judgment or err in dismissing the copyright claims. The Coca Cola defendants met their burden as movants by pointing out that Jaso's complaint, with its voluminous attached exhibits, failed to connect them to the alleged infringing acts associated with the calculator and the ringtones. *See ContiCommodity Servs., Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995) (holding that a defendant may meet its burden of showing there is no genuine issue of material fact by pointing out the lack of evidence supporting an issue for which the plaintiff bears the burden of proof).

Because Jaso first learned that the Coca Cola defendants were allegedly infringing his copyright in 1994, but he did not file the instant suit until 2010, he could sue for copyright infringement only for alleged violations that occurred within three years of his filing suit, i.e. after 2007. *See* 17 U.S.C. § 507(b). Jaso's only claims of infringement after that date concerned a calculator sold in Mexico and ringtones allegedly available on third-party websites. There was no evidence affirmatively linking the defendants to these alleged violations, however. *See*, *e.g.*, *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999) (holding that a claim for copyright infringement requires, *inter alia*, "copying by the defendant"). Moreover, the sale in Mexico was an improper basis for the copyright claim because, with limited exception, the "copyright laws generally do not have extraterritorial application." *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988). At most, Jaso's evidence related to the calculator and the ringtones amounted to only a scintilla, and thus was insufficient to avoid summary judgment. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

For similar reasons, Jaso's claim for contributory infringement also fails, *see Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 889 (6th Cir. 2004) (holding that "[t]here can be no contributory infringement without a direct

infringement"), as does his claim for vicarious infringement, which is based only on alleged receipts from 1994, long before he filed the instant suit.

Jaso next claims that the district court improperly denied his request for further discovery. His Rule 56(d) motion sought depositions related to the Coca Cola defendants' licensing strategies, royalty payments, and contractual relationship. The district court held that the information Jaso sought related to damages, not liability. After reviewing the motion, we agree and see no abuse of discretion. *See Am. Family Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).

Jaso's claim under RICO also lacks merit. As stated in the amended complaint, Jaso essentially claims that the Coca Cola defendants engaged in a pattern of racketeering activity by threatening to murder him and his family if he continued to seek legal remedies against them, by making false statements to the United States copyright office, and by using, distributing, and broadcasting the Always song in their commercial advertising. Jaso's claim is supported primarily by conclusory assertions, which may not prevent summary judgment. *See Little*, 37 F.3d at 1075. Moreover, a civil RICO claim must be brought within four years after it accrues. *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156, 107 S. Ct. 2759, 2767 (1987). As noted by the district court, Jaso admitted that the alleged threats occurred in 2000 and the alleged false statements occurred in 1994. With respect to the advertising, Jaso's complaint relied on invoices also from 1994. We further note that there was some evidence in the record suggesting that the defendants stopped using the Always song in 2000, at least in television advertising. Yet, Jaso provided no evidence that the defendants, rather than third-parties, distributed or authorized the distribution of the allegedly offending song at a later time.

No. 13-20045

With respect to his Lanham Act claim, Jaso asserts that the Coca Cola defendants are liable for "reverse passing off." *See* 15 U.S.C. § 1125(a). Jaso has not alleged, however, that the defendants have taken a tangible copy of his work and tried to sell it as their own; rather, his claim essentially is that the defendants have copied the ideas or concepts embodied in his own copyrighted work. This is a copyright claim and is not actionable under the Lanham Act. *See Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 149 (5th Cir. 2004).

Moreover, even if Jaso had sufficiently stated a cause of action for reverse passing off, Jaso is incorrect that *Jaso I* held the defendants had waived the laches defense. In *Jaso I*, we held only that because the defendants had not argued prejudice, and because prejudice was not apparent on the face of Jaso's complaint, the district court erroneously granted the motion to dismiss on limitations grounds. *See Jaso I*, 435 F. App'x at 356. We did not hold that Jaso had otherwise stated a sufficient claim or that on remand the district court could not on summary judgment reconsider the Lanham Act claim and laches issue, or any other issue for that matter. Upon review of the complaint, we agree with the district court that Jaso's imprecise claims about conduct that is nearly two decades old, or five times the four-year limitations period, was prejudicial. *See Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998) (laches bars a claim when the plaintiff's inexcusable delay is prejudicial to the defendant).

Finally, with respect to his claim for declaratory judgment, Jaso provides only block quotes from *Jaso I* and from the district court's opinion rather than citing authority and providing analysis. Because the issue is inadequately briefed, we do not consider it. *See Swindle v. Livingston Parish Sch. Bd.*, 655 F.3d 386, 392 & n.6 (5th Cir. 2011); *see also* Fed. R. App. P. 28(a)(9)(A).

AFFIRMED.